GLD-157                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4357
_____

MAURICE J. CLARK, JR.,
                                    Appellant

v.

WILLIAM WAYNE PUNSHON, ESQ.;
JOHN J. CAPUZZI, JUDGE, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-06403)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: March 19, 2013)
_____

OPINION
_____

PER CURIAM

Pro Se Appellant Maurice J. Clark, Jr., appeals the dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Clark filed this civil rights action against Defendants William Wayne Punshon, his court-appointed attorney, and Judge John Capuzzi, the presiding judge in his criminal proceeding in state court, alleging deprivations of his rights under the Fourteenth Amendment to the Constitution of the United States. See 42 U.S.C. § 1983. In his complaint, Clark alleged that in the course of the criminal proceedings, he sought to represent himself. As a result, Judge Capuzzi, ordered a mental health evaluation and the psychiatrist diagnosed him as a paranoid schizophrenic and concluded that he was incompetent to represent himself and possibly incapable of cooperating with his attorney. Punshon filed a petition for involuntary commitment. Judge Capuzzi granted the petition and committed Clark to Norristown State Hospital. Clark alleged that Punshon made false statements in his petition, that he was not informed that the petition would be filed, and that he was not given a proper hearing. Clark also alleged that Judge Capuzzi ordered his commitment to pressure him to plead guilty. Clark sought a declaration that his constitutional rights were violated, an injunction terminating Punshon as his counsel,

2

an injunction directing Judge Capuzzi to vacate the commitment order, and $15,000 in punitive damages from Punshon.

The District Court granted Clark's application to proceed in forma pauperis. The District Court then dismissed the complaint, sua sponte, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) for failure to state a claim on which relief may be granted. The Court held that Clark did not state a claim under 42 U.S.C. § 1983 against the Defendants because Attorney Punshon was not a state actor and Judge Capuzzi was entitled to absolute judicial immunity. The Court concluded that any amendment would be futile and thus dismissed the complaint without providing leave to amend. Clark appealed.

We agree with the District Court's determination that Clark's complaint fails to state a claim against Attorney Punshon and Judge Capuzzi and that any leave to amend would be futile. A § 1983 claim has two essential elements: (1) the conduct complained of must be "committed by a person acting under color of state law"; and (2) this conduct must "deprive[] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (internal quotation marks omitted). Here, Attorney Punshon is clearly a private party. While a private party can qualify as a state actor when "he is a willful participant in joint action with the State or its agents," Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), Clark

3

has alleged no such facts here.[1]  Clark has thus not stated a viable claim against Attorney Punshon.

With respect to Clark's claims against Judge Capuzzi, we agree with the District Court that absolute judicial immunity precludes Clark's claims for injunctive relief.  See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006)  (per curiam) (42 U.S.C. § 1983 precludes injunctive relief based on actions taken in a judge's judicial capacity).  Moreover, to the extent that Clark sought declaratory relief against Judge Capuzzi, that claim was also properly dismissed.  See Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194 (3d Cir. 2000) (noting the impropriety of declaratory relief in a § 1983 suit against a judge where a judge acts as an adjudicator).

Accordingly, we conclude that this appeal presents no substantial question, and we will summarily affirm the judgment of the District Court.

---

[1] Clark filed a motion for reconsideration claiming that Attorney Punshon acted jointly with the Commonwealth.  However, the District Court properly denied the motion.